JOHN M. ANDERSON v. BURCHETT & FRALEY.

SUMMONS—*Personal Service—Waiver by Appearance*. An application of an authorized attorney for leave to answer constitutes a general appearance, and for the purpose of giving jurisdiction is equivalent to personal service of summons.

*Error from Clark District Court.*

THE opinion states the case.

*Dawson Smith*, for plaintiff in error.

*W. A. McCartney*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding brought to review a ruling of the district court of Clark county refusing to vacate

a judgment which had been rendered in an action brought upon an arbitration bond. It appears that certain matters which were in controversy between Burchett & Fraley and John M. Anderson were submitted to the decision of a board of arbitrators, mutually chosen by the respective parties, each of whom gave an undertaking binding the obligors to pay any award that might be made. The result of the arbitration was an award of $700.45 in favor of Burchett & Fraley, upon which judgment was entered in the district court. That award and judgment has heretofore received the consideration of this court, and its legality has been determined. (*Ante,* p. 153; 29 Pac. Rep. 315.) The award and judgment were not paid or satisfied, and hence an action was brought by Burchett & Fraley upon the arbitration bond, which had been executed by Anderson with Theis as surety. Personal service was made on Theis, and a summons was sent to Lyon county, where Anderson had resided, and placed in the hands of the under-sheriff of that county, who returned that he had served the same "by leaving a copy thereof with the indorsements thereon at the usual place of residence of the within-named John M. Anderson." No answer was filed by either of the defendants, and judgment was rendered in favor of Burchett & Fraley for $500, the amount specified in the arbitration bond. Within a few days Anderson appeared and filed his affidavit, and one made by another, to the effect that he did not reside in Lyon county when service of summons upon him was attempted, but that for several months before that time, and ever since, he had been a *bona fide* resident of Colorado. He contended that the judgment had been rendered without service or jurisdiction, and moved to have it set aside. Although no counter-affidavits or other testimony were offered by Burchett & Fraley, the court refused to vacate the judgment. If Anderson had removed to Colorado, and was a *bona fide* resident of that state at the time the service was attempted in Kansas, and if no appearance was made in his behalf, the judgment rendered against him is absolutely void and should have been vacated; but whatever the fact

may be as to his place of residence, it cannot be said that the judgment was rendered without jurisdiction. Prior to the judgment an attorney appeared in behalf of Anderson, and asked leave to make a showing for right to answer out of time, which was granted. Afterward, the attorney filed his own affidavit, stating that he was the attorney for Anderson, with full authority to appear for him in this cause, and giving several reasons why an answer had not been previously filed. The court held the reasons to be insufficient, and hence no answer was filed. This constituted a general appearance, which waived any defects in the steps taken to obtain jurisdiction, and is equivalent to personal service. Anderson does not deny the right of the attorney to make the motion and showing for time to plead, and, although it was unsuccessful, it undoubtedly gave the court jurisdiction over the person of the defendant.

Another point in the case is, that the allegations of the petition were insufficient to warrant the judgment that was given. One of the provisions in the arbitration bond was that the result of the arbitration should be made a rule of court, and the petition fails to affirmatively allege it had been made a rule of court prior to the commencement of the action. There is nothing substantial in this point. It will be remembered that the judgment was rendered upon default, and although it is not positively stated in the petition that the award had been made a rule of court, it is stated by the attorney in his affidavit for leave to plead that it was made a rule of the district court of Clark county and judgment entered thereon at a preceding term. This statement was placed in the record by plaintiff in error, and, being one of the conceded facts, its omission from the petition affords no ground for reversal.

The judgment of the district court will be affirmed.

All the Justices concurring.